RUSH MOORE LLP
A Limited Liability Law Partnership

TRACY G. CHINEN          4494-0
REGINAULD T. HARRIS      7516-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Telephone No. (808) 521-0400
Facsimile No. (808) 521-0597
TChinen@rmhawaii.com

Attorneys for Defendant
PARK HOTELS & RESORTS INC., fka
HILTON WORLDWIDE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUSANN DOBSON,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON WORLDWIDE, INC. dba HILTON WAIKOLOA VILLAGE; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, inclusive<br><br>Defendants. | CIVIL NO. _____<br><br>DEFENDANT PARK HOTELS & RESORTS INC.'S, fka HILTON WORLDWIDE, INC., NOTICE OF REMOVAL; DECLARATION OF REGINAULD T. HARRIS; EXHIBIT "A"- "C"; CERTIFICATE OF SERVICE<br><br>No Trial Date Set. |

**DEFENDANT PARK HOTELS & RESORTS INC.'S, fka
HILTON WORLDWIDE, INC. NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE
      DISTRICT OF HAWAII:

Defendant PARK HOTELS & RESORTS INC., fka HILTON

WORLDWIDE, INC., ("Defendant"), hereby submits this Notice of Removal

("Notice") petitioning the United States District Court for the District of Hawaii

for removal of the above-captioned action, Civil No. 17-1-076K from the Circuit

Court of the Third Circuit, Kona Division, State of Hawaii, pursuant to 28 U.S.C.

§§ 1332 (diversity of citizenship), 1441, and 1446, and submits a short and plain

statement of the grounds for removal, as follows:

A.    Introduction

      1.    The instant action was commenced by Plaintiff Susann Dobson

("Plaintiff") against Defendant by the filing of a Complaint in the Circuit Court of

the Third Circuit, Kona Division, State of Hawaii, identified as Civil No. 17-1-

076K, *Susann Dobson vs. Hilton Worldwide, Inc. dba Hilton Waikoloa Village, et

al.* (the "Complaint"), on February 27, 2017.  A true and correct copy of the

Complaint is attached hereto as Exhibit ("Ex.") A.

      2.    Plaintiff alleges that she sustained injuries as a result of a slip and fall

while in the spa at the Hilton Waikoloa Village on December 26, 2015.  *See* Ex. A

at ¶ 9.

B.    Diversity of Citizenship

3.    Based upon information and belief, Plaintiff is a citizen of California within the meaning of 28 U.S.C § 1332(a)(1).  *See* Ex. A at ¶ 1.

4.    Park Hotels & Resort Inc., fka Hilton Worldwide, Inc., is a Delaware corporation with its principal place of business in Virginia.[1]  Therefore, Defendant is a citizen of Delaware and Virginia.  *See* 28 U.S.C § 1332(c)(1).

5.    All other defendants are factiously named: JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10 (collectively "Doe Defendants").  The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(1).

C.    The Amount in Controversy is Satisfied

6.    Upon information and belief, based on the allegations in the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.    Hawaii Revised Statutes ("HRS") § 663-1.3 prohibits parties in tort actions from specifying in their pleadings the amount of damages sought.  This Court "may consider whether it is 'facially apparent' from the complaint that the

---

[1]    Hilton Worldwide, Inc. was also incorporated in Delaware with its principal place of business in Virginia.

jurisdictional amount is in controversy" or "may consider facts in the removal petition." *Singer v. State Farm Mut. Aut. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). Specifically, the Complaint alleges that Defendant caused Plaintiff to suffer "severe pain and suffering as well as grievous physical injuries." *See* Ex. A at ¶ ¶ 22. Plaintiff also alleges she suffered the "loss of and her ability to enjoy life and the activities in which she would have engaged had she not been injured," and "serious injuries, . . . great pain of body and mind," and that she has incurred "medical and rehabilitation services". *See* Ex. A at ¶ ¶ 23, and 24. Plaintiff further alleges that she "will continue to experience pain, suffering, mental and emotional distress, scarring, disfigurement and loss of enjoyment of life." *See* Ex. A at ¶ 25. Plaintiff seeks general and special damages, plus attorney's fees, pre- and post-judgment interests and costs. *See* Ex. A at p. 6.

8.      In addition, upon information and belief, Plaintiff has produced documents including but not limited to alleged medical specials evidencing an amount in controversy that exceeds $75,000.

9.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and it is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4

D.   Timely Filing of Notice

10.   On March 15, 2017, Defendant was served with the Complaint and Summons from the state court proceeding.   A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit ("Ex. B").

11.   Defendant filed an Answer to the Complaint and Demand for Trial by Jury, on March 29, 2017.  A true and correct copy of the Answer is attached hereto as Exhibit ("Ex. C").

12.   No other process, pleadings, and/or orders have been served upon Defendant in this case.

13.   The 30-day period to remove this action has not expired and the filing of this Notice is timely under 28 U.S.C. § 1446(b)(1).

14.   Venue is proper in the District of Hawaii pursuant to 28 U.S.C. § 1391 inasmuch as the events giving rise to the instant lawsuit allegedly occurred in the District of Hawaii. *See* Ex. A.

E.   Non-Waiver of Defenses

15.   By removing this action, Defendant does not waive any defenses available to it.

16.   By removing this action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

17.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of

5

this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Third Circuit Court, State of Hawaii.

18.    This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays that the above-entitled action be removed from the Circuit Court of the Third Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: Honolulu, Hawaii, April 6, 2017.

/s/   Reginauld T. Harris
TRACY G. CHINEN
REGINAULD T. HARRIS

Attorneys for Defendant
PARK HOTELS & RESORTS INC., fka
HILTON WORLDWIDE, INC.