ROBERT P. MARX,
ATTORNEY AT LAW,
A LAW CORPORATION

ROBERT P. MARX    #2746
688 Kinoole Street, Suite 105
Hilo, Hawaii 96720
Telephone: (808) 935-8988

Attorney for Plaintiff
SUSANN DOBSON

FILED
2017 FEB 27 PM 1:42
L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SUSANN DOBSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HILTON WORLDWIDE, INC. dba HILTON WAIKOLOA VILLAGE; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, inclusive,<br><br>　　　　Defendants. | Civil No. **17-1-076K**<br>(Kona) (Other Non-Vehicle Tort)<br><br>COMPLAINT; SUMMONS |

### COMPLAINT

COMES NOW Plaintiff SUSANN DOBSON by and through her attorney, ROBERT P. MARX, ATTORNEY AT LAW, A LAW CORPORATION, and for claim for relief against Defendants above-named herein alleges and avers as follows:

1. Plaintiff SUSANN DOBSON is a resident of the County of Humboldt, Northern California.

I hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

# EXHIBIT "A"

2. Plaintiff is informed and believes that Defendants HILTON WORLDWIDE, INC. is doing business as HILTON WAIKOLOA VILLAGE and is operated in the County of Hawaii, State of Hawaii. Defendant is herein after referred to as "HILTON";

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, inclusive are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to substitute the true names and capacities when same are ascertained;

4. Due and diligent search by Plaintiff and her counsel was done to ascertain the names and identities, and parts thereof of these unnamed Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, inclusive;

5. Plaintiff is informed and believes and therefore alleges that each of the specified Defendants and those designated as JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, inclusive, are responsible in some manner for the events and happenings herein referred to, and that their negligent conduct caused the damages sustained by Plaintiff as herein alleged, either through the said Defendants or through the conduct of their agents or their permissive users;

6. At all times herein mentioned, Defendants and each of them, were acting as the agents, servants, and employees of the other Defendants herein, and each of them, were acting within the scope of the agency and employment concerned;

7. The cause of action complained of herein arose at the HILTON located at 69-425 Waikoloa Beach Drive, Waikaloa Village, HI therefore this matter is properly before the Court;

8. At all times herein, Defendant HILTON had the duty to exercise ordinary care and caution in the repair, operation, maintenance, and management of the 69-425 Waikoloa Beach Drive, Waikaloa Village, HI 96738., and ensure placement and construction of the stage in a reasonably safe condition for plaintiff and other participants;

9. On or about December 26, 2015, Plaintiff SUSANN DOBSON was celebrating her husband's 60th Birthday and their 30th wedding anniversary at the HILTON when, while visiting the spa, she slipped and fell on water mixed with a slippery substance in the locker room.

10. Upon information and belief, the Premises were inspected, evaluated and approved for inhabitance by Defendants.

11. At all times relevant herein, Defendants owned, inspected, controlled, managed and/or maintained the Premises.

12. At all times relevant herein, Defendants were responsible for, participated in and/or were otherwise involved in the inspection of the Premises to ensure compliance with the basic housing standards.

3

13. At all times relevant herein, Defendants knew or should have known of the hazardous conditions and/or unreasonable risks of harm posed to Plaintiff SUSANN DOBSON.

14. At all times relevant herein, Defendants had a duty to the occupants of the Premises to take reasonable steps to eliminate the hazardous condition and/or unreasonable risk of harm.

15. At all times relevant herein, Defendants had a duty to the occupants of the Premises to adequately warn of the hazardous conditions and/or unreasonable risk of harm.

16. At all times relevant herein, Defendants had a duty to the occupants of the Premises to exercise reasonable care for their safety.

17. At all times relevant herein, Defendants had a duty to the occupants of the Premises to properly and adequately inspect the Premises for such hazardous conditions and/or unreasonable risk of harm.

18. Defendants negligently breached their duties to the occupants of the Premises and the resulting damages suffered by Plaintiff were directly and proximately caused by the negligence of Defendants.

19. The occupants relied upon Defendants performing the proper inspections and review of the Premises for safety defects prior to their taking possession of the Premises.

20. Due to Defendants' negligent acts and/or omissions in not properly inspecting the Premises, the Premises were unsafe.

21. The negligent acts and/or omissions of Defendants were the direct and proximate cause of the injuries and damages suffered by Plaintiff.

22. As a direct and proximate result of Defendants negligent conduct, acts and/or omissions, Plaintiff suffered severe pain and suffering as well as grievous physical injuries.

23. As a direct and proximate result of Defendants negligent conduct, acts and/or omissions, Plaintiff suffered the loss of and her right and ability to enjoy life and the activities in which she would have engaged had she not been injured.

24. As a direct and proximate result of the negligence of Defendants and/or each of them, Plaintiff suffered serious injuries, suffered great pain of body and mind, and has incurred such injury that her bills for medical and rehabilitation services exceed the minimum jurisdictional requirements of the Court.

25. As a direct and proximate result of Defendants negligent conduct, acts and/or omissions, Plaintiff will continue to experience pain, suffering, mental and emotional distress, scarring, disfigurement and loss of enjoyment of life.

26. By reason of the Defendants' negligent conduct, acts and/or omissions, Defendants had engaged in the negligent infliction of emotional distress on Plaintiff.

27. Plaintiff SUSANN DOBSON had just finished a pedicure and was wearing the slippers provided by the HILTON as she was walking toward the hot tub area with an attendant. As she passed the locker rooms, in the vicinity of the sink area, she slipped and fell on water mixed with a slippery substance on the floor.

28. Defendant HILTON failed to keep the premises in a reasonably safe condition for patrons, especially those wearing very smooth rubber slippers, provided by the Hilton, in the Hilton's own facilities.

29. As a direct and proximate result of Defendant HILTON'S negligence, Plaintiff SUSANN DOBSON suffered serious injuries, suffered great pain of body and mind, and incurred medical expenses;

30. Damages sustained by the Plaintiff are in excess of the minimum jurisdictional requirements by this Court.

WHEREFORE, Plaintiff prays for the following relief as follows:

1. For general and special damages for Plaintiff SUSANN DOBSON in an amount to be proven at arbitration hearing and/or trial;

2. For pre-judgment and post-judgment interest, attorney's fees and costs as to Plaintiff;

3. For other and further relief as this Court deems just.

DATED: Hilo, Hawaii, February 23 2017.

_____
ROBERT P. MARX
Attorney for Plaintiff
SUSANN DOBSON

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SUSANN DOBSON., <br><br> Plaintiff, <br><br> vs. <br><br> HILTON WORLDWIDE, INC. dba HILTON WAIKOLOA VILLAGE; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, inclusive, <br><br> Defendants. | Civil No. _____ <br> (Kona) (Other Non-Vehicle Tort) <br><br> **SUMMONS** |

## SUMMONS

STATE OF HAWAII

TO THE DEFENDANT(S):

You are hereby summoned and required to file with the court and serve upon Plaintiff's attorney Robert P. Marx, Esq., whose address is 688 Kinoole Street, Suite 105; Hilo Hawaii 96720, an answer to the Complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge of the Circuit Courts permits, in writing on the summons, personal delivery during those hours.

Failure to obey the summons may result in an entry of default of judgment against the person summoned.

DATED: Kealakekua, Hawaii **FEB 2 7 2017**

————————————————————

**L. KITAOKA (SEAL)**

CLERK OF THE ABOVE-ENTITLED COURT

2